IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DONALD MICHAEL RICHARDS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 316-064 |
| | ) |
| STATE OF GEORGIA; | ) |
| DODGE COUNTY; | ) |
| and DODGE COUNTY | ) |
| LAW ENFORCEMENT CENTER, | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate incarcerated at Dodge County Jail in Eastman, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

Plaintiff names the following Defendants in his complaint: (1) State of Georgia; (2) Dodge County; and (3) the Dodge County Law Enforcement Center ("Dodge County LEC"). Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff was held at Dodge County LEC for eight days without "due process." (Doc. no. 1, p. 5.) Plaintiff was given bond, but was not allowed to post bond because a drug task force agent wanted his bond revoked. (Id.) Plaintiff alleges the drug task force agent committed perjury in an attempt to prevent Plaintiff from receiving bond, but the Magistrate Judge upheld bond and Plaintiff "bonded out." (Id.) Plaintiff waited "4.2" months before receiving a bond hearing, violating his speedy trial rights. (Id.)

On June 13, 2016, Plaintiff fell and injured his neck and shoulders. (Id. at 6.) Officers at Dodge County LEC laughed at Plaintiff and refused to provide Plaintiff with medical care. (Id.) Plaintiff also damaged a tooth and was not provided with dental care, and instead, Plaintiff was told to gargle with salt water. (Id.) Plaintiff asserts he is discriminated against because another inmate was given dental care and tooth removal. (Id.) Plaintiff also asserts his Fifth Amendment rights have been violated and seeks monetary compensation and an investigation into Dodge County LEC and "this judicial system." (Id. at 7-8.)

### B.  DISCUSSION

#### 1.  Legal Standard for Screening.

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Plaintiff Fails to State a Claim Against the State of Georgia.

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation.

3

Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Here, Plaintiff never mentions the State of Georgia in his statement of claim. (See generally doc. no. 1.)

Moreover, "[t]he Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Furthermore, the Supreme Court has unambiguously stated that "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment . . . . This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp., 465 U.S. at 100 (citations omitted); see Alabama v. Pugh, 438 U.S. 781, 781-82 (1978); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent.").

As Plaintiff has not mentioned the State of Georgia in his statement of claim, and as the State has sovereign immunity against Plaintiff's § 1983 claims, the State of Georgia should be dismissed from the case.

### 3. Plaintiff Fails to State a Claim Against Dodge County, Georgia.

As with the State of Georgia, Plaintiff fails to mention Dodge County, Georgia in his statement of claim. On this basis alone, Dodge County should be dismissed. See Douglas, 535 F.3d at 1321-22. Plaintiff's implication that Dodge County, Georgia is liable because the

4

alleged violations occurred within Dodge County fails to state a claim. To impose § 1983 liability on the County, Plaintiff must show: (1) that his constitutional rights were violated; (2) that the county had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Plaintiff "must show that [the defendant] had a custom or practice of permitting it and that [the defendant's] custom or practice was the moving force behind the constitutional violation." Craig v. Floyd County, Georgia, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton County, Georgia, 335 F.3d 1326, 1330 (11th Cir. 2003) (internal punctuation and quotation removed). For a county to be liable there must ordinarily be a "pattern of similar constitutional violations." Id. (quoting Connick v. Thompson, 131 S.Ct. 1350, 1360 (2011)). There "must be such a 'longstanding and widespread practice [that the violation] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it.'" Id. (quoting Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991)).

Here, as Plaintiff does not even mention Dodge County in his claim, he does not make any allegations against it that would satisfy the three-part test. Plaintiff has not alleged a custom or practice by Dodge County that constituted deliberate indifference to any of Plaintiff's constitutional rights. Furthermore, Plaintiff has not shown a "pattern of similar constitutional violations" needed to hold Dodge County liable. Consequently, Plaintiff has failed to state a viable claim against Defendant Dodge County, Georgia and it must be dismissed from this action.

### 4. Dodge County LEC Is Not Subject to Liability in a § 1983 Suit.

Additionally, Plaintiff's allegations are insufficient to state a claim against Dodge County LEC, which is not subject to liability in a § 1983 suit. According to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (1988) (quotation omitted).

Jails and prisons are not legal entities subject to liability in § 1983 claims. E.g., Sampson v. Bess, CV 313-020, 2013 WL 4078218, at *5-*6 (S.D. Ga. Aug. 12, 2013) (finding that Wheeler Correctional Facility is not subject to liability in a § 1983 suit); Smith v. Chatham Cnty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2, (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued"); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) (holding that county detention center "is not a legal entity that is subject to suit under 42 U.S.C. § 1983"); Bolden v. Gwinnett Cnty. Det. Ctr. Med. Admin. Med. Doctors, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."). Thus, Dodge County LEC is not subject to liability for any of the allegations in Plaintiff's complaint.

### III. CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted against any of the named Defendants. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of November, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA